IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

December 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JEFFREY LYNN BUCKNER, | ) | C.C.A. NO. 03C01-9703-CC-00116 |
| | ) | |
| Appellant | ) | UNION COUNTY |
| | ) | |
| v. | ) | HON. LEE ASBURY, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | Post-Conviction |
| Appellee | ) | |

FOR THE APPELLANT

Douglas A. Trant
900 S. Gay Street
Suite 1502
Knoxville, TN 37902

FOR THE APPELLEE

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Cordell Hull Building, Second Floor
425 5th Avenue North
Nashville, TN 37243-0493

OPINION FILED _____

AFFIRMED

JOHN K. BYERS
SENIOR JUDGE

# O P I N I O N

The petitioner seeks to have a conviction for murder overturned by way of post-conviction relief after this case was affirmed by the Court of Criminal Appeals and after the Supreme Court denied review.

The record we have in this case is curious.

A petition for post-conviction relief was filed (apparently on June 18, 1990) in the trial court. An issue raised was the ineffectiveness of trial counsel. The State filed an answer to the petition on January 28, 1991, and the matter was heard on February 1, 1991. However, no order on that hearing was entered at that time.

On March 14, 1991, a motion was filed for an extension of time to add as a defendant another attorney who represented the petitioner on appeal from the original conviction.

On May 28, 1991, the petitioner filed a supplemental petition for post-conviction relief in which he alleged that the counsel who represented him on appeal from the original conviction was ineffective.

On June 22, 1991, an order on the February 1, 1991, hearing was entered in this case which stated:

> A. That Petitioner failed to demonstrate the existence of "newly discovered" evidence which was not available to him prior to or during the trial of this cause, or which was otherwise relevent (sic) or admissible.
> B. That trial counsel, James Bell, was not incompetent or ineffective during the preparation or trial of this cause, such as would have deprived Petitioner of any statutory or constitutional right.
>
> Based upon all of the foregoing,
> It is therefore ORDERED as follows:
> 1. That the petition for post conviction relief be overruled in its entirety.
> 2. That the record remain open for 30 days from the date hereof in order that the Petitioner may file additional statements if desired.
> 3. That the State be granted 10 days from the submission of additional statements to respond to the same.

On June 28, 1991, a motion was filed to obtain an extension of time for filing the notice of appeal from this June 22, 1991, order, and the trial court entered an order dated June 28, 1991, granting the requested extension of time.

After the pleadings above set out, further motions were sporadically filed until the case was heard again by the trial court on October 14, 1996. At the hearing of October 14, 1996, the petitioner abandoned any claim of ineffectiveness of *appellate* counsel and asked for the court to reopen the original post-conviction proceeding for further attack upon the competency of original *trial* counsel. Without specifically ruling on the motion to reopen the case, the trial court allowed counsel to present evidence on the allegations in the original petition.

The petitioner presented as evidence his own testimony and the testimony of a police officer, who introduced pictures taken after the event which showed wounds on the hands of the deceased.

On October 18, 1996, the trial judge entered an order finding that the petitioner had failed to show the ineffectiveness of trial counsel which had been alleged in the original petition and raised in the evidence at the hearing of October 14, 1996.

The State says the appeal in this case is barred because the order of June 22, 1991, which denied relief to the petitioner, became a final order and therefore the trial judge had no authority to grant the motion for an extension of time. Accordingly, the State alleged, the order of October 14, 1996, denying relief is void and not subject to appeal.

We agree with the State that a trial judge may not grant an extension of time to file a notice of appeal and that the order of June 22, 1991, would, under most circumstances, become final. The proceeding of October 14, 1996, would then be void, as argued by the State. However, in this case it is unclear whether the June 22, 1991, order was entered as a final order or as a judgment in the case; from the record it appears the trial judge never treated it as final. We therefore conclude that the order was not final for purposes of terminating this case, and we decline the invitation to dismiss the appeal for that reason.

We are somewhat hampered in our review of this matter because the transcript of what was presented by the parties at the hearing on the original petition on February 1, 1991, is not in the record.

We are, however, able to determine from the evidence presented on October 14, 1996 that the evidence supports the judgment of the trial court in all respects and we find that the judgment should be affirmed.

-4-

_____

_____

John K. Byers, Senior Judge

CONCUR:


_____

Gary R. Wade, Judge



_____

Joseph M. Tipton, Judge